IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORY LEE SMITH,
    Plaintiff,

vs.                                       Case No.: 3:15cv506/MCR/EMT

TONY TAYLOR, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). On November 12, 2015, this court issued an order directing the clerk to issue summonses for Defendants and instructing Plaintiff that it was his responsibility to formally serve the complaint (ECF No. 3). In light of Plaintiff's pro se status, the court also provided him with information concerning service, including the fact that the procedural rules require service of the summons and complaint within 120 days from the date of filing the complaint, or the complaint may be dismissed absent good cause shown for the delay.[1]

---

[1] Rule 4(m) has since been modified to require service within 90 days, but Plaintiff's obligations fall under the former rule.

Case No: 3:15cv506/MCR/EMT

Over 120 days have elapsed without any activity in this case, including proof that service has been effected upon Defendants.[2]  On June 10, 2016, the court issued an order requiring Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to comply with the court's order regarding service (ECF No. 7).  The time for compliance with the show cause order has now elapsed with no response from Plaintiff.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 8th day of July 2016.

>    */s/ Elizabeth M. Timothy*
>    **ELIZABETH M. TIMOTHY**
>    **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] On December 1, 2015, Plaintiff submitted receipts of an unidentified mailing via certified mail, which he evidently placed in the mail on November 13, 2015, in Daytona Beach, Florida, and which was addressed to "OCSO Attn Civil, 50 2nd St., Shalimar, FL 32579" (*see* ECF No. 5).  This does not show that proper service of process was effected.  *See* Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) ), *superseded in part by rule as stated in* Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1132 n.2 (11th Cir. 2005); *see also* Fed. R. Civ. P. 4.

Case No: 3:15cv506/MCR/EMT

## **NOTICE**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.